

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-20-2007

# Young v. Beard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3621

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Young v. Beard" (2007). *2007 Decisions.* Paper 1454.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1454

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-149                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3621
_____

RICHARD YOUNG,

<u>Appellant</u>,

v.

JEFFREY BEARD, ROBERT BITNER, PHILIP JOHNSON, FRANK COLE,
MALCOLM MCCOWN, PAM TEETER, CHARLES J. SIMPSON, CLARENCE W.
BLAKEY, WILLIAM BENNETT, RICHARD CULP, SHAWN HOOD, BILL YATES,
JOHN YONLISKY, SHAWN SWARTZ, JOHN KRANAK, TONYA EDWARDS,
MICHAEL FERSON, M. JAMES MATTHEWS, ED KERN, KOOLIE, ATTORNEY
GENERAL OF PENNSYLVANIA
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 03-cv-00551)
District Judge: Honorable Joy Flowers Conti
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
March 1, 2007
Before:   SLOVITER, CHAGARES AND NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed  March 20, 2007)
_____

OPINION
_____

PER CURIAM

Richard Young, an inmate at the State Correctional Institution at Labelle,

Pennsylvania, appeals various orders issued by the United States District Court for the Western District of Pennsylvania pertaining to his civil rights complaint. We conclude the appeal is without merit and we will therefore dismiss it under 28 U.S.C. § 1915(e)(2)(B).

In 2003, Young filed a complaint asserting numerous constitutional claims against some twenty-one individual defendants, including nineteen Commonwealth employees and two prison psychiatrists not employed by the Commonwealth. These claims arose from a series of disciplinary actions that took place while Young was incarcerated at the now-closed State Correctional Institution at Pittsburgh. From 2002 to 2003, prison officials filed nine misconduct reports against Young alleging various violations of the prison disciplinary code. Young was found guilty of all but one of the charges, and was sentenced to an aggregate of 930 days in disciplinary confinement. Young alleges that his First, Eighth, and Fourteenth Amendment rights were violated numerous times during the course of these proceedings. He requests monetary relief.

In 2005, the District Court granted a motion for partial summary judgment filed on behalf of the nineteen Commonwealth defendants.[1] In 2006, the District Court granted a motion to dismiss filed on behalf of the two prison psychiatrists. This appeal followed. We have jurisdiction under 28 U.S.C. § 1291. Because Young is proceeding in forma

---

[1] The Commonwealth's motion did not address Young's mail confiscation claims, which remained pending until Young voluntarily withdrew them prior to filing the instant appeal.

<u>pauperis</u>, we will dismiss the appeal if it lacks an arguable basis in law or fact. <u>See</u> 28

U.S.C. 1915(e)(2)(B); <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).

First, we address Young's claim that prison officials issued false misconduct

reports for retaliatory purposes. To state a <u>prima facie</u> retaliation claim under 42 U.S.C. §

1983, a plaintiff must show that he engaged in constitutionally protected activity, that he

suffered adverse action at the hands of a state actor, and that the protected activity was a

substantial factor in causing the adverse action. <u>See</u> <u>Carter v. McGrady</u>, 292 F.3d 152,

158 (3d Cir. 2002). The retaliation claim fails if the defendants demonstrate "that they

would have made the same decision absent the protected conduct for reasons reasonably

related to a legitimate penological interest." <u>Rauser v. Horn</u>, 241 F.3d 330, 334 (3d Cir.

2001).

Although Young's complaint does not clearly state the basis for his retaliation

claim, he suggests in his later filings that false reports were issued because he engaged in

conduct protected by the First Amendment, namely filing administrative grievances and

appeals. We conclude, however, that the District Court properly granted summary

judgment on this claim because the record shows that each disciplinary charge had an

evidentiary basis, and Young has not cited to any evidence undermining the

Commonwealth's claim that the challenged conduct was motivated by legitimate

concerns.

Next, Young argues that prison officials violated his Fourteenth Amendment due

process rights at various stages of the disciplinary proceedings. He claims that the

3

hearing examiner improperly denied his requests to present witnesses at the hearings, and he also challenges the sufficiency of the evidence supporting the hearing examiner's findings of guilt. Young presumes he is entitled to the procedural protections set forth in Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), which held that a prisoner facing the deprivation of a constitutionally cognizable liberty interest following an administrative hearing has a due process right to certain procedural protections, including notice of the charges twenty-four hours prior to the hearing, an opportunity to call witnesses and present documentary evidence, and a statement of the grounds for disciplinary action. However, an inmate's procedural due process rights are not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Mitchell v. Horn, 318 F.3d 523, 531 (3d Cir. 2003) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). We have held that fifteen months in administrative custody in a Commonwealth prison does not amount to a deprivation of a cognizable liberty interest, Griffin v. Vaughn, 112 F.3d 703, 708 (3d Cir. 1997), and it appears from the policy statement attached to the Commonwealth's summary judgment motion that the conditions in disciplinary custody are not substantially different from those experienced by a prisoner in administrative custody. See also Mitchell, 318 F.3d at 532, remanded to 2005 WL 1060658 (E.D. Pa. May 5, 2005) (noting this similarity). Despite having ample opportunity to do so, Young has failed to state facts or submit evidence showing that he was subject to conditions in disciplinary confinement that meet the Sandin standard. We therefore agree with the conclusion of the Magistrate Judge, as

4

stated in her Report and Recommendation of December 6, 2004, that Young has not shown a deprivation of a cognizable liberty interest.

Young next asserts Eighth Amendment claims challenging the conditions of his confinement. He argues his Eighth Amendment rights were violated because he was subject to inhumane conditions while confined for several days in an unclean holding cell. This claim fails because Young has not alleged that prison officials acted with deliberate indifference in subjecting him to the challenged conditions. See Young v. Quinlan, 960 F.2d 351, 359-61 (3d Cir. 1992). We also reject Young's claim that placement in disciplinary confinement itself amounted to cruel and unusual punishment. See Griffin, 112 F.3d at 708.

The District Court also properly granted the prison psychiatrists' motions to dismiss Young's Eighth Amendment claims. Young argues that his Eighth Amendment rights were violated by the psychiatrists' denials of his repeated requests for a transfer from disciplinary confinement. However, "only unnecessary and wanton infliction of pain or deliberate indifference to the serious medical needs of prisoners are sufficiently egregious to rise to the level of a constitutional violation." White v. Napoleon, 897 F.2d 103, 108-09 (3d Cir. 1990) (internal citations and quotation marks omitted); see also Inmates of Allegheny County Jail v. Pierce, 612 F.2d 754, 763 (3d Cir. 1979) (holding that failure to treat a prisoner's serious mental or emotional illness may amount to an Eighth Amendment violation). As explained by the Magistrate Judge in her Report and Recommendation of June 8, 2006, this claim is meritless because Young has not alleged

facts indicating that he suffered from a serious mental illness when he received treatment from the prison psychiatrists. Nor is it apparent from the complaint that the psychiatrists were aware of such a condition and deliberately disregarded a substantial risk that serious harm would result to Young if he were to remain in disciplinary confinement.

Finally, Young seeks appellate review of various interlocutory orders issued by the District Court. He appeals the District Court's denial of the motion for default judgment he filed against the Commonwealth defendants. However, we fail to discern any grounds for concluding that the District Court abused its discretion in denying this motion. See Farzetta v. Turner & Newall, Ltd., 797 F.2d 151, 153 (3d Cir. 1986). Furthermore, we reject Young's appeal of the orders denying the motions for default judgment against the prison psychiatrists, because these motions were filed before the defendants were properly served. See Gold Kist, Inc. v. Laurinburg Oil Co., Inc., 756 F.2d 14, 18-19 (3d Cir. 1985). We also conclude the District Court did not abuse its discretion by issuing orders requiring Young to bear the costs of service. Finally, we conclude that Young's appeal of the District Court's denial of his motion for preliminary injunction is without merit.

For the foregoing reasons, we will dismiss the appeal under 28 U.S.C. § 1915(e)(2)(B). We deny Appellant's motion for appointment of counsel.